FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:22-CR-06040-MKD |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| ANDREI STEPHANOVICH BORGHERIU, | ECF No. 28 |
| Defendant. | |

Before the Court is Defendant Andrei Stephanovich Borgheriu's Motion to Dismiss – Due Process, ECF No. 28.  On August 28, 2023, the Court held a hearing on the motion.  Justin Lonergan appeared on behalf of the Defendant.  Frieda Zimmerman and Tyler Tornabene appeared on behalf of the United States.

Defendant asks the Court to dismiss the Indictment, ECF No. 1, as unconstitutional.  For the reasons stated herein, Defendant's motion is **DENIED.**

ORDER – 1

## BACKGROUND

The following facts are derived from the Indictment, ECF No. 1, and uncontroverted representations in Defendant's motion and supporting materials, ECF No. 28. On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). ECF No. 1 at 2 ¶ 2. The CARES Act authorized the Economic Injury Disaster Loan ("EIDL") program. ECF No. 1 at 2 ¶ 2. This program operates under the Small Business Administration ("SBA"), and "provides low-interest funding to small businesses, renters, and homeowners affected by declared disasters." ECF No. 1 at 2 ¶ 2. To obtain an EIDL, a qualifying business must apply to the SBA and provide descriptive information about its operations. ECF No. 1 at 2 ¶ 3. "The applicant must also certify that all the information in the application is true and correct, and agree in the required Loan Authorization and Agreement that the EIDL funds will be used solely as working capital to alleviate economic injury caused by disaster." ECF No. 1 at 2 ¶ 3. If approved, the SBA issues funds to be used for working capital, "such as payroll expenses, sick leave, production costs, and ordinary business obligations, such as debts, rent, and mortgage payments." ECF No. 1 at 2 ¶ 4.

Defendant is a truck driver, and he owns and operates Artway Transport, LLC ("Artway Transport"), a trucking company. ECF No. 28 at 3. On or about June 29, 2021, Defendant began submitting materials to the SBA requesting EIDL

ORDER – 2

funding, though EIDL Application No. 3321927753, under the name of his business. ECF No. 1 at 3 ¶ 9. On August 9, 2021, Defendant finalized his application. ECF No. 1 at 3 ¶ 10. Defendant signed (1) a Loan Authorization and Agreement, ECF No. 28-1; (2) a Note, ECF No. 28-2; (3) a Security Agreement, ECF No. 28-3; and (4) an Unconditional Guarantee (Disaster Loans), ECF No. 28-4; all SBA form documents. ECF No. 1 at 4 ¶ 11; ECF No. 28 at 6. As a part of the Loan Authorization and Agreement, Defendant agreed that he "will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter." ECF No. 28-1 at 3; *see* ECF No. 1 ¶ 11. Defendant agreed to all other terms and conditions of the loan as well. ECF No. 1 at 4 ¶ 11.

On August 12, 2021, the SBA relied upon Defendant's representations and approved the requested EIDL, and on August 16, 2021, disbursed $499,900 to Artway Transport's bank account. ECF No. 1 at 4 ¶ 14. On August 17, 2021, a realtor contacted a title company, Ticor Title, to discuss a cash purchase of a property in West Richland, WA ("the Property"). ECF No. 1 at 4 ¶ 15. The address of the Property is also listed as Artway Transport's business address on the Loan Authorization and Agreement. ECF No. 28-1. On August 18, 2021, Ticor Title opened an order for the purchase of the property by Defendant. ECF No. 1 at 4 ¶ 15. On September 1, 2021, Defendant sent a wire transfer from Artway

ORDER – 3

Transport LLC's bank account to Ticor Title in the amount of $450,282.73, for the purchase of the Property in Defendant's name. ECF No. 1 at 4-5 ¶¶ 15-17.

The Indictment alleges that "[t]he representation made by the Defendant . . . that he would use the proceeds of the loan solely as working capital to alleviate economic injury was materially false," and Defendant "knew it was false at the time he made this representation." ECF No. 1 at 5 ¶ 18. "Instead of using the EIDL funds for a permissible purpose, the Defendant . . . used the EIDL funds to purchase a residential property." ECF No. 1 at 5 ¶ 18.

Counts 1 and 2 allege wire fraud in violation of 18 U.S.C. § 1343, for (1) the transfer of money to Artway Transport LLC's bank account, and (2) the transfer of money to Ticor Title's bank account. ECF No. 1 at 6 ¶ 20. Count 3 alleges a false, fictitious, or fraudulent claim in violation of 18 U.S.C. § 287, for the claims made in the Loan Authorization and Agreement. ECF No. 1 at 6 ¶ 22. The Indictment includes forfeiture allegations pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which seek forfeiture of the real property procured through the alleged fraudulent scheme and a money judgment in the amount of $499,900, ECF No. 1 at 7-8.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a party may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the

ORDER – 4

merits." *See also United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). When ruling on such a motion, a district court is to accept as true the allegations in the indictment. *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993).

"A motion to dismiss is generally 'capable of determination' before trial 'if it involves questions of law rather than fact.'" *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (quoting *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). "[T]he court may make preliminary findings of fact necessary to decide the legal questions presented by the motion," but "may not 'invade the province of the ultimate finder of fact.'" *Id.* (quoting *Shortt Acct. Corp.*, 785 F.2d at 1452).

## DISCUSSION

Defendant argues that the charges against him rely upon an unconstitutionally vague SBA regulation, 13 C.F.R. § 123.303 (2020). ECF No. 28 at 2. The United States argues that (1) Defendant's position is built on a false premise: he is not charged with a violation of any SBA regulation, vague or

ORDER – 5

otherwise; and (2) in any event, 13 C.F.R. § 123.303 (2020) is not vague.[1]  ECF No. 38 at 2.

### A. Vagueness Challenges

The government violates the Fifth Amendment's Due Process Clause "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015).  Vague laws "contravene the 'first essential of due process of law' that statutes must give people 'of common intelligence' fair notice of what the law demands of them.'" *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019) (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)).  Further, vague laws violate the separation of powers by inviting prosecutors and judges, rather than legislatures, to determine when an act is a crime.  *Id.* at 2325 (quoting *United States v. Hudson*, 11 U.S. 32 (1912)).

A criminal statute may be vague on its face, or vague as applied to a particular defendant.  *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013).

---

[1] Defendant asks the Court to dismiss the Indictment, including all charges against him.  ECF No. 28 at 2.  The United States appears to misconstrue the motion to only seek dismissal of Counts 1 and 2.  ECF No. 38 at 1.

ORDER – 6

1  "In a facial challenge, a statute is unconstitutionally vague if it fails to provide a
2  person of ordinary intelligence fair notice of what is prohibited, or is so
3  standardless that it authorizes or encourages seriously discriminatory
4  enforcement." *Id.* (quotations omitted).  "In an as-applied challenge, a statute is
5  unconstitutionally vague if it fails to put a defendant on notice that his conduct was
6  criminal." *Id.* (quotations omitted).

**B. Defendant is Not Charged Under Section 123.303**

8  Defendant's argument is built upon the supposition that the charges against
9  him "rely on" Section 123.303, ECF No. 28 at 11, and that "[t]here is no way [he]
10  can be charged with wire fraud without reference to the EIDL regulations." ECF
11  No. 41 at 3.  This argument is fundamentally flawed.
12  Defendant is not under Indictment for alleged violations of Section 123.303.
13  The Indictment does not cite or reference any EIDL regulations and specifically
14  charges Defendant with violating 18 U.S.C. § 1343 (Counts 1 and 2) and 18 U.S.C.
15  § 287 (Counts 3).  The United States concedes that "[Section] 123.303 is not a
16  criminal law and does not independently provide any specific offense or
17  punishment." ECF No. 38 at 8.  Section 123.303 is part of a series of regulations
18  governing how the SBA authorizes loans during disasters, to effectuate
19  congressional mandates.  *See* 13 C.F.R. § 123.1; 15 U.S.C. § 636.

ORDER – 7

More broadly, "[a] party seeking to challenge the constitutionality of a statute generally must show that the statute violates the party's own rights." *United States v. Stevens*, 559 U.S. 460, 484 (Alito, J. dissenting). The "right" that Defendant asserts is the Fifth Amendment right to be free from deprivation of life, liberty or property without due process of law. ECF No. 28 at 8 (citing *Johnson*, 576 U.S. at 595). Defendant's Fifth Amendment right to be free from conviction under a vague law, as set forth in *Johnson*, 576 U.S. at 595-96, and *Harris*, 705 F.3d at 932, is not in jeopardy. The Indictment plainly spells out the United States' theory and identifies the criminal statutes that Defendant is alleged to have violated: wire fraud in violation of 18 U.S.C. § 1343, and false claims under 18 U.S.C. § 287. *See* ECF No. 1.

**C. The Statutes that Defendant is Charged Under are Not Vague**

18 U.S.C. § 1343 provides as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.
> . . .
> If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are

ORDER – 8

> defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

To prove a violation of 18 U.S.C. § 1343, the United States must prove "(1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013).

18 U.S.C. § 287 provides as follows:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

To prove a violation of 18 U.S.C. § 287, the United States must prove that "the defendant (1) presented a claim against the United States and (2) knew such claim to be false." *United States v. Atalig*, 502 F.3d 1063, 1067 (9th Cir. 2007).

Defendant does not attempt to present a facial challenge to these statutes.[2] He arguably states an as-applied challenge. *See, e.g.*, ECF No. 41 at 3 ("C.F.R.

---

[2] If he did, he would be confronted with the Supreme Court's 2010 *Skilling* opinion, in which the Court found that 18 U.S.C. § 1346, which relies upon 18

ORDER – 9

Part 123 implements the thing that is charged in the indictment, including eligibility and use of EIDL proceeds. There can be no loan agreement, no scheme, without §123.303.").  The Court construes Defendant's motion as an as-applied challenge to the criminal statutes he is indicted under, and finds that he has failed to establish their unconstitutionality in this case.

For his as-applied vagueness challenge to succeed, Defendant must demonstrate that the wire fraud and false claims statutes "fail[ed] to put [him] on notice that his conduct was criminal." *Harris*, 705 F.3d at 932.  As the United States summarizes its theory, its burden at trial will be to prove, beyond a reasonable doubt, "that Defendant knew he was lying to get money that he was not entitled to when he falsely certified, under penalty of perjury, that he would use the EIDL proceeds solely as working capital to alleviate economic injury." ECF No. 38 at 2.

18 U.S.C. § 1343 places Defendant on notice that the charged conduct is criminal, as it proscribes devising "any scheme . . . for obtaining money . . . by means of false or fraudulent pretenses, representations, or promises . . . ." The

---

U.S.C. § 1343, is not vague, although the opinion interpreted Section 1346 in a particular manner to avoid vagueness. *Skilling v. United States*, 561 U.S. 358, 408-409, 408 n.42 (2010).

ORDER – 10

requisite interstate element is also alleged.  ECF No. 1 at 1-3.  18 U.S.C. § 287 also give notice that the charged conduct is criminal, as it proscribes presenting any agency of the United States with a claim, knowing such claim to be false, fictitious, or fraudulent.  Defendant has failed to demonstrate that he is at risk of conviction under a vague law.

As explained above, Defendant's wire fraud and false claim charges do not rely upon Section 123.303 or any definitions therein.  Whatever import Section 123.303 may have for this case, it is not a basis of criminal liability, as Defendant asserts.  ECF No. 28 at 12-13 ("§123.303 does not put Mr. Borgheriu on fair notice that acquisition of property is a prohibited use that may expose him to criminal liability.").

Defendant's briefs highlight a number of evidentiary disputes that are not appropriate for this Court to decide.  The United States' burden under the wire fraud statute requires a showing that Defendant had "the intent to deceive and cheat – in other words, to deprive the victim of money or property by means of deception."  *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020).  This requires that Defendant made "false or fraudulent pretenses, representations, or promises."  *Id.*

The United States intends to prove that Defendant lied when he told the SBA that his plan was to use EIDL funds "solely as working capital to alleviate

ORDER – 11

economic injury." ECF No. 1 at 4-5 ¶¶ 11, 17; ECF No. 28-1 at 3. As summarized in the United States' motion, that Defendant "promise[d] to use the funding for his business as working capital to alleviate economic injury and then instead us[ed] said funding to buy a personal residence." ECF No. 38 at 2.

Whether Defendant was aware of Section 123.303, whether he knew that the SBA did not intend for him to use EIDL funds to purchase the Property, whether he had a reasonable alternative interpretation of the loan documents, and whether he believed that he could spend EIDL funds on the Property under the terms of the loan, all remain in dispute. Each is a question for the jury, not the Court. *See Nukida*, 8 F.3d at 669. Ultimately, whether Defendant "violated" Section 123.303 is of little, if any, relevance to this litigation.

**CONCLUSION**

Defendant has failed to demonstrate that his constitutional right to be free from deprivation of life, liberty, or property without due process is in jeopardy. The motion to dismiss is **DENIED.**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Andrei Stephanovich Borgheriu's Motion to Dismiss – Due Process, **ECF No. 28**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** December 13, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 13