FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREI STEPHANOVICH BORGHERIU,<br><br>    Defendant. | No. 4:22-CR-06040-SAB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER** |

Before the Court is Defendant's Motion to Reconsider Order Granting United States' Motion to Exclude, ECF No. 105. The motion was heard without oral argument. Defendant is represented by Justin Lonergan and Nick Mirr. The United States was represented by Frieda Zimmerman and Jeremy Kelley.

Defendant asks the Court to reconsider its Order excluding the testimony of Janet McHard. He asserts the Court committed clear error in excluding her testimony and her testimony is needed to prevent manifest prejudice to him. He also asserts that excluding her testimony denies him his constitutional right to present a defense.

Generally, district courts have inherent authority to decide motions for reconsideration or rehearing of orders in criminal proceedings, even when there is no statute authorizing such motions. *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). "No precise rule governs the district court's inherent

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ~ 1**

power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Motions for reconsideration are generally disfavored and will be only granted in rare circumstances. LcrR 12(c)(5). The Court will ordinarily deny a motion for reconsideration of an Order in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. LcrR 12(c)(5).

In his response to the United States' Motion to Exclude Ms. McHard's testimony, Defendant argued that Ms. McHard was amply qualified, and her opinions were relevant and reliable. ECF No. 60. He argued Ms. McHard's testimony was necessary for the jury (1) to understand the confusion surrounding the term "working capital," (2) to explain that the lack of any definitions in the loan application was a problem with the EIDL process, (3) to explain that Defendant would not have a motive to fraudulently obtain a business loan that was going to cost him significantly more than a mortgage, (4) to help the jury understand how various facts indicate the lack of a fraudulent scheme, (5) to refute the government's suggestions that other facts indicate a fraudulent scheme; and (6) to help the jury understand Artway's finances, including aspects of the business's operating expenses, profits, etc. *Id.*

Today, Defendant argues Ms. McHard's testimony is needed to challenge the United States' case in chief because the United States is relying only on circumstantial evidence in its case against Defendant. He argues that Ms. McHard's testimony is required to avoid creating different standards for which circumstantial evidence matters. Finally, he asserts excluding Ms. McHard's testimony denies him the opportunity to give the jury material evidence on the defense of good faith.

Defendant has not shown the Court committed clear error or that manifest injustice would result if Ms. McHard was not allowed to testify, for the reasons

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER** ~ 2

stated in the Court's previous Order. There, the Court found that Ms. McHard's qualifications do not match the issues to which her opinions are being offered. There is no constitutional right to present testimony of an unqualified expert. The Court also found that much of her testimony was not relevant to the charges and had the potential to confuse the jury. The testimony regarding potential confusion is not helpful unless Defendant testifies that he was confused, and whether the forms were confusing or whether Defendant's alleged confusion was justified are questions the jury must decide and it does not need the help from an expert to do so. Defendant has not shown that Ms. McHard's testimony is necessary to present his defense.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reconsider Order Granting United States' Motion to Exclude, ECF No. 105, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 20th day of August 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER** ~ 3