

Justin Lonergan
Nick Mirr
601 West Riverside Ave, Suite 900
Spokane, Washington 99201
509.624.7606
Attorneys for Andrei S. Borgheriu

# United States District Court
## Honorable Stanley A. Bastian

| | |
|---|---|
| United States,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Andrei S. Borgheriu,<br><br>　　　　　　　Defendant. | No. 4:22-cr-06040-SAB-1<br><br>Motion in Limine to Conform the Government's Case to Prior Orders |

# I. Summary

Mr. Borgheriu moves the Court, based on its *Order Granting United States' Motion to Exclude* (ECF No. 100) and *Order Denying Defendant's Motion to Consider* (ECF No. 106), to preclude the United States from offering testimony about aspects of the Economic Injury Disaster Loan Program that were not (or could not have been) known to a borrower (including but not limited to Mr. Borgheriu). For example, the Court should exclude testimony regarding the SBA's post-hoc explanation of working capital or other loan terms not otherwise contained in any official SBA document made known to Mr. Borgheriu. Further, the Court should exclude any explanatory or conclusory testimony about permissible or prohibited uses of EIDL funds that does not have an explicit foundation in any loan document made known to Mr. Borgheriu.

This ruling is necessary to fairly conform the United States' evidence to the limits set in the *Orders* referenced above, particularly with respect to proper foundation and the Court's interest of ensuring an expedient, orderly trial.

# II. The Issue

In both *Orders*, the Court carefully considered the defense expert disclosures and limited the defense from presenting certain expert testimony. The orders articulate concerns regarding relevance and foundation.[1] For example, the Court's

---

[1] Mr. Borgheriu respectfully maintains his previous positions on these issues and

original order regarding Ms. McHard excluded her because "Ms. McHard did not opine that Defendant's business was, *in fact*, a small unsophisticated business or that Defendant was, *in fact*, an unsophisticated business owner[.]" ECF No. 100, pg. 2 (emphases added). The *Order* continued, "her *general discussion* about this topic would not be relevant nor helpful to the jury." *Id*. (emphasis added). Relatedly, the Court's reconsideration *Order* expounded on concerns with Ms. McHard's testimony. *See* ECF No. 106, pg. 3 ("the testimony regarding potential confusion is not helpful unless Defendant testifies that he was confused").

These orders thus reflect relevance and foundation considerations. Given that, we must revisit Mr. Brown's testimony because it presents the same problems. For example, the United States wants to offer the same "*general discussion*" that the Court prohibited regarding Ms. McHard. The Government has literally said that "Mr. Brown will testify about the EIDL program *generally*[.]" *See* ECF No. 26, *United States' Initial Rule 16 Disclosures*, pg. 2 (emphasis added). Second, Mr. Brown will offer testimony beyond the EIDL regulations. If the defense cannot offer circumstantial evidence of a confusing process as relevant to *disproving* fraudulent intent, it follows that the government cannot advance a theory of fraudulent intent

---

does not waive them for appeal, should he be convicted.

Motion in Limine – Conform Government Evidence to Prior Orders

- 2 -

through explanations of working capital or other terms that were *never* made known to any borrower.  In other words, the United States cannot show a foundation "in fact" (*see* ECF No. 100, pg. 2) that Mr. Borgheriu (or any other similar borrower) was aware of the SBA's interpretation of its program.  A fair reading of the Court's *Orders* requires that, just as Mr. Borgheriu cannot offer testimony about confusion or a lack of sophistication without predicate testimony that he was confused or unsophisticated (*see id.*, pg. 2, lines 6-8), so too must the United States not offer testimony about its definition of working capital without first proving that it was "in fact" the definition or term made known to borrowers.  Absent such a foundation, the jury will be confused and misled.  *See* F.R.E. 403.

It ultimately comes down to the principle that a fair trial means evidentiary limitations apply equally to both parties.  Mr. Borgheriu respects the Court's rulings and asks that the Court conclude that the jury can consider the loan terms on the face of the contract.  The contract is the binding document; the government cannot introduce terms and conditions beyond its four corners.  As the Court noted, these "are questions the jury must decide and it does not need help from an expert to do so." *See* ECF 106, pg. 3.

### III. Conclusion

The Court should grant the motion and align the United States' case to the relevance and foundational limits established in its *Orders*. There will be no foundation that Mr. Borgheriu knew of any term or condition beyond that which was presented in the loan documents. Any generalized testimony about the EIDL program or the SBA's internal understanding of the limits of EIDLs confuses the issues and misleads the jury into thinking that Mr. Borgheriu was aware of the SBA's subjective limitations.

Dated: January 15, 2025.

>
> Federal Defenders of Eastern Washington & Idaho
> Attorneys for Mr. Borgheriu
>
> s/Justin Lonergan
> Justin P. Lonergan, WSBA No. 55216
> 601 West Riverside Ave, Suite 900
> Spokane, Washington 99201
> t: (509) 624-7606
> f: (509) 747-3539
> Justin_Lonergan@fd.org

## Service Certificate

I certify that on January 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will serve all counsel of record.

                s/Justin Lonergan
                Justin P. Lonergan, WSBA No. 55216
                601 West Riverside Ave, Suite 900
                Spokane, Washington 99201
                t: (509) 624-7606
                f: (509) 747-3539