Vanessa R. Waldref
United States Attorney
Jeremy J. Kelley
Frieda K. Zimmerman
Assistant United States Attorney
United States Attorney's Office
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: 509-835-6356

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>ANDREI S. BORGHERIU,<br><br>Defendant. | CASE NO. 4:22-cr-6040-SAB-1<br><br>UNITED STATES' RESPONSE TO MOTION IN LIMINE – INTEREST RATE (ECF No. 115)<br><br>February 10, 2025 at 9:30 a.m.<br>Richland, WA- With Oral Argument |

  The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Frieda K. Zimmerman and Jeremy J. Kelley, Assistant United States Attorneys, respectfully submits this response to Defendant's Motion in Limine – Interest Rate (ECF No. 115).

  Defendant's Motion requests that the parties be prevented from providing previously admitted, factually accurate testimony describing the EIDL program as providing "low interest" loans. For the reason set forth herein, this motion should be denied.

UNITED STATES' RESPONSE TO MIL – INTEREST RATE (ECF No. 115) - 1

**DISCUSSION**

The Indictment charges that Defendant lied to the SBA to obtain nearly half a million dollars in economic injury disaster loan ("EIDL") proceeds when he falsely and fraudulently certified to the SBA, on his Loan Authorization and Agreement for the EIDL, that he would only use the EIDL proceeds solely as "working capital to alleviate economic injury." ECF No. 1 at 5. Disaster loans such as EIDLs are described in the governing regulations as "<u>low interest</u>, fixed rate loans to disaster victims" provided by the SBA. 13 C.F.R. § 123.2 (emphasis added). EIDL loans are subsidized by the federal government, with the interest rate on EIDL loans capped at four percent. *Id.* § 123.302.

Defendant moves in limine to exclude testimony or argument describing the EIDL program as "low-interest." ECF No. 115 at 2. The Defense argues that since the Court excluded Ms. McHard's proposed testimony that an EIDL "may have been more expensive" than other types of financing, the parties should now be unable to characterize the EIDL interest rate as "low." However, the Court's exclusion of Ms. McHard's irrelevant and speculative opinion does not support the position that the parties should not be able to accurately and fully describe the program Defendant is charged with defrauding. Accurately describing the EIDL program as having a "low" interest rate does not "permit the government to present speculative argument of motive or opportunity." ECF No. 115 at 2. To the contrary, it is appropriate for the United States to present testimony that accurately describes the EIDL program. Defendant's motion should be denied.

Defendant further contends that because the Court previously ruled that Ms. McHard could not present irrelevant and speculative opinions about interest rates that Defendant is being denied his constitutional right to confront the United States' case should the government introduce evidence about the EDIL program's interest rate. This is not accurate. Judge Dimke previously excluded testimony about alternative financing and interest rates from Ms. McHard, noting the opinion "is not

1  relevant absent some connectivity, and no demonstration of sufficient expertise and
2  knowledge in the mortgage industry to reach an opinion." ECF No. 94 at 8 (citing
3  Transcript at 66). Defendant then provided a supplemental expert disclosure for Ms.
4  McHard, including proffered testimony from Ms. McHard speculating that an EIDL
5  would mean Defendant may "pay more interest over the course of the loan than if,
6  alternatively, a traditional mortgage had been taken out around the same time period
7  for the same amount." ECF No. 91 at 9. This Court excluded the proffered
8  testimony, concluded that Ms. McHard's proffered testimony was not relevant or
9  helpful to the jury. ECF No. 100 at 2.

As both this Court and Judge Dimke concluded, Ms. McHard's proffered testimony about alternative financing and interest rates and their impact on Defendant's case is merely speculative and not based upon a sufficient expert basis. Defendant can testify about his intent at the time, but Ms. McHard cannot offer general, unfounded opinions about alternative financing and interest rates, and she cannot then speculate on how that may have affected Defendant and his intent when seeking an EIDL. Holding Defendant to presenting relevant, non-speculative evidence under the Rules of Evidence does not deny Defendant the ability to confront the United States' case.

Dated this 22nd day of January, 2025.

Respectfully submitted,

VANESSA WALDREF
United States Attorney

/s/ *Frieda K. Zimmerman*
Frieda K. Zimmerman
Jeremy J. Kelley
Assistant United States Attorney

UNITED STATES' RESPONSE TO MIL – INTEREST RATE (ECF No. 115) - 3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to noticed counsel.

        */s/ Frieda K. Zimmerman*
        Frieda K. Zimmerman
        Assistant United States Attorney

UNITED STATES' RESPONSE TO MIL – INTEREST RATE (ECF No. 115) - 4