Vanessa R. Waldref
United States Attorney
Jeremy J. Kelley
Frieda K. Zimmerman
Assistant United States Attorney
United States Attorney's Office
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: 509-835-6356

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES<br><br>Plaintiff,<br><br>v.<br><br>ANDREI S. BORGHERIU,<br><br>Defendant. | CASE NO. 4:22-cr-6040-SAB-1<br><br>UNITED STATES' RESPONSE TO MOTION IN LIMINE "TO CONFORM THE GOVERNMENT'S CASE TO PRIOR ORDERS" (ECF No. 116)<br><br>February 10, 2025 at 9:30 a.m.<br>Richland, WA- With Oral Argument |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Frieda K. Zimmerman and Jeremy J. Kelley, Assistant United States Attorneys, respectfully submits this response to Defendant's Motion in Limine to Conform the Government's Case to Prior Orders (ECF No. 116). Despite being styled as a request to require the United States to conform with prior orders of the Court, Defendant's Motion is an attempt to relitigate issues the Defense previously lost. As Defendant's motion requests that the United States be prevented from presenting factually accurate testimony that the Court has already concluded is admissible, this motion should be denied.

UNITED STATES' RESPONSE TO MIL – PRIOR ORDERS (ECF No. 116) - 1

**DISCUSSION**

The Indictment charges that Defendant lied to the SBA to obtain nearly half a million dollars in economic injury disaster loan ("EIDL") proceeds when he falsely and fraudulently certified to the SBA, on his Loan Authorization and Agreement for the EIDL, that he would only use the EIDL proceeds solely as "working capital to alleviate economic injury." ECF No. 1 at 5.

The United States provided notice that it intended to solicit testimony from Mr. Ray Brown, an employee with the SBA who has extensive experience with the EIDL Program. ECF No. 26. The Defense moved to exclude testimony from Mr. Ray Brown. ECF No. 29. This Court denied the motion, concluding that "Mr. Brown's testimony is reliable, given his experience, and is relevant because it goes to an element of the crime of wire fraud, specifically, that Defendant's statements made as part of the scheme were material." ECF No. 85 at 5. The Court also noted that "his testimony about the workings of the EIDL program is not being proffered as expert testimony, but as testimony under Rule 701." ECF No. 85 at 4.

On Defendant's behalf, the Defense proffered the testimony of Janet McHard, a forensic account. ECF No. 54, 91. The United States moved to exclude the proffered testimony, ECF Nos. 56, 94, and after careful consideration, Ms. McHard's testimony was excluded by the Court. ECF No. 100. The Court concluded that Ms. McHard's "qualifications do not match the issues to which her opinions are being offered." ECF No. 100 at 2. The Court further stated that while Ms. McHard is qualified as a forensic accountant and certified fraud examiner, the opinions proffered were not relevant and would not be helpful to the jury. ECF No. 100 at 1, 2.

Several months later, the Defense moved for reconsideration of the Court's order granting the United States' motion to exclude Ms. McHard, contending that the exclusion denied Defendant his due process right to present a defense. ECF No. 105 at 3. The Court denied his motion, indicating "[t]here is no constitutional right

to present testimony of an unqualified expert." ECF No. 106 at 3. ECF No. 106 at 3.

As the Defense points out in its motion, the Court made these rulings based upon "relevance and foundation considerations." ECF No. 116 at 3. The Court concluded that, on one hand, Mr. Brown had an adequate foundation to offer his proffered testimony and that it would assist the jury in determining a fact of consequence, ECF No. 85, and concluded that, on the other hand, Ms. McHard did not have an adequate foundation to offer her proffered testimony and that such testimony would not assist the jury in determining a fact of consequence. ECF No. 100. Having lost arguments to the contrary on numerous other occasions, the Defense now tries to conflate the relevance and evidentiary foundations for these witnesses, which are distinct and separate, and which have been extensively reviewed previously by the Court.

The Defense argues that since the Court excluded Ms. McHard's testimony generally discussing irrelevant matters and providing unreliable, unfounded opinions, Mr. Brown should somehow not be allowed to offer general testimony regarding the specific federal program the Defendant is charged with defrauding. This is nonsensical. Defendant's latest motion an additional attempt to relitigate this already-decided issue. The United States has already set forth for the Court the various reasons that Ms. McHard's testimony is inappropriate, ECF Nos. 56, 61, 94, and that Mr. Brown's testimony is admissible and relevant, ECF No. 34. The Court considered this briefing, along with Defendant's briefing, and has issued three orders regarding such proffered testimony—specifically that Mr. Brown had a sufficient foundation to testify and offered relevant testimony and that Ms. McHard did not have a sufficient foundation to testify and offered irrelevant and unhelpful testimony. ECF Nos. 85, 100, 106.

In making these arguments, Defense counsel fails to appreciate the distinction between the Court's orders regarding two separate and distinct witnesses. For example, Defendant fails to appreciate the distinction between testimony offered by

an individual (Mr. Brown) with extensive familiarity with the SBA's EIDL program and testimony offered by an individual (Ms. McHard) with no specific personal knowledge of the EIDL program or any other topic on which she was offered as a witness. The Defense further fails to appreciate the distinction between circumstantial evidence that can be used to infer Defendant's knowledge and intent at the time he applied for and obtained EIDL funds, such as the EIDL program rules that Defendant agreed to follow in submitting the loan documents, and pure speculation offered by a third party without foundation as to what "may" have been going on at the time Defendant submitted the EIDL documents. *See e.g.*, ECF No. 91 at 7 ("She will discuss, for example, how equipment, assets, and resources may become unavoidably commingled or used for more than one purpose."); 9 ("Ms. McHard will opine that an EIDL may have been more expensive for Mr. Borgheriu than other types of financing for the Sunshine property.").[1] The two witnesses have different professional experience and offer different testimony, and there is no basis to conflate the two.

Nevertheless, in requesting the Court to, yet again, reconsider the testimony of Mr. Brown and Ms. McHard, the Defense contends that "a fair trial means evidentiary limitations apply equally to both parties." ECF No. 116 at 4. This is absolutely correct, and those limitations are set forth in the Federal Rules of Evidence, which this Court has considered in reaching its conclusions as to the

---

[1] To the extent Defendant argues that the EIDL documents are not clear about the rules of the EIDL program, this is something he can explore in cross-examining a witness with knowledge of that program and its documents (Mr. Brown) or through Defendant's own testimony about his actual understanding of the program and intent at the time he applied for the funds. As the Court has ruled multiple times, Ms. McHard's proffered testimony about these topics is without foundation, is speculative, and is irrelevant.

UNITED STATES' RESPONSE TO MIL – PRIOR ORDERS (ECF No. 116) - 4

relevance and admissibility of each witness's proffered testimony. Defendant simply failed to carry his burden to show the admissibility of Ms. McHard's proffered testimony under those Rules while the United States succeeded in carrying its burden under the same Rules. Indeed, Defendant makes no specific argument in his motion about these Rules, and the Court's application of them to each witness, but simply asks the Court to conflate the testimony of Mr. Brown and Ms. McHard and nonsensically apply its order regarding one specific witness to an entirely separate witness, rather than examine each witness independently for foundation and relevance, which the Court has already done numerous times. The motion offers no basis for the Court to reconsider its orders regarding these witnesses a third time.

In compliance with prior orders, the United States intends to present testimony from Mr. Brown, which the Court has specifically evaluated and concluded to be relevant and admissible. ECF No. 85. The United States has no intention to call Ms. McHard, whose testimony the Court has also specifically evaluated and concluded is irrelevant and inadmissible. ECF Nos. 100, 106. Defendant's motion should be denied.

Dated this 22nd day of January, 2025.

Respectfully submitted,

VANESSA WALDREF
United States Attorney

*/s/Frieda K. Zimmerman*
Frieda K. Zimmerman
Jeremy J. Kelley
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to noticed counsel.

*/s/Frieda K. Zimmerman*
Frieda K. Zimmerman
Assistant United States Attorney