

Justin Lonergan
Nick Mirr
601 West Riverside Ave, Suite 900
Spokane, Washington 99201
509.624.7606
Attorneys for Andrei S. Borgheriu

# United States District Court
## Honorable Stanley A. Bastian

| | |
|---|---|
| United States, | No. 4:22-cr-06040-SAB-1 |
| Plaintiff, | Reply to Motion in Limine to Conform the Government's Case to Prior Orders |
| v. | |
| Andrei S. Borgheriu, | |
| Defendant. | |

# I.   REPLY

In its response, the United States actually validates the defense's point:

> 4   witness. The Defense further fails to appreciate the distinction between
> 5   circumstantial evidence that can be used to infer Defendant's knowledge and intent
> 6   at the time he applied for and obtained EIDL funds, such as the EIDL program rules
> 7   that Defendant agreed to follow in submitting the loan documents, and pure
> 8   speculation offered by a third party without foundation as to what "may" have been
> 9   going on at the time Defendant submitted the EIDL documents. *See e.g.*, ECF No.

ECF No. 119, pg. 4. The above "distinction" regarding circumstantial evidence means the government's case must be limited to its "loan documents" and, arguably, anything else the government can show *was made known to Mr. Borgheriu. See id.* It is common sense that if a person such as Mr. Borgheriu does not know of a certain thing, such as SBA's internal interpretation of loan terms, then that evidence cannot "be used to infer Defendant's knowledge and intent at the time he applied for and obtained EIDL funds." *Id.* The government fails to appreciate that this is the natural implication of the Court's conclusion regarding the foundation for defense evidence. *See* ECF No. 106, *Order Denying Reconsideration,* pg. 3 ("The [defense expert] testimony regarding potential confusion is not helpful unless Defendant testifies that he was confused[.]").

This objection is also not about general background testimony, as the government suggests. The problem comes where Mr. Brown's testimony crosses the line of mere background and becomes contract interpretation. Any testimony from Mr.

Brown beyond what Mr. Borgheriu knew is precisely the "speculation offered by a third party without foundation." ECF 119, pg. 4. Regardless of past motions practice regarding Mr. Brown, it is the current, developed case posture that requires refining the permissible boundaries of Mr. Brown's testimony in light of what the Court has determined is competent proof for circumstantial issues such as intent.

## II.    Conclusion

In its Order regarding defense expert evidence, the Court has determined that certain evidence is not relevant without foundation. Applying that rule equally to the government's *circumstantial* theory, the Court must exclude extra-contractual interpretation and any evidence of loan terms which was not made known to Mr. Borgheriu at the time of his application.

Dated: January 29, 2025.

Federal Defenders of Eastern Washington & Idaho
Attorneys for Mr. Borgheriu

s/Justin Lonergan
Justin P. Lonergan, WSBA No. 55216
601 West Riverside Ave, Suite 900
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Justin_Lonergan@fd.org

## Service Certificate

I certify that on January 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will serve all counsel of record.

s/Justin Lonergan
Justin P. Lonergan, WSBA No. 55216
601 West Riverside Ave, Suite 900
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539

Reply to Motion in Limine – Conform Government Evidence