Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brian M. Donovan
Frieda K. Zimmerman
Jeremy J. Kelley
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>              vs.<br><br>ANDREI STEPHANOVICH BORGHERIU,<br><br>                              Defendant. | 4:22-CR-6040-SAB<br><br>United States' Forfeiture Trial Memorandum<br><br>and<br><br>Forfeiture Jury Instructions and Special Verdict Forms |

### United States' Memorandum Concerning Forfeiture Special Verdict

The United States of America, by and through the undersigned Attorneys for the United States of America, submits this memorandum in conjunction with the proposed special verdict and forfeiture instructions.

On July 25, 2024, the Defendant requested retention of the jury pursuant to Fed. R. Crim. P. 32.2(b)(5)(A) regarding forfeiture of property. (ECF No. 102). In the event that the Defendant is convicted of violations of 18 U.S.C. § 1343 alleged in the Indictment, this memorandum outlines the procedure the Government proposes to take with regard to the special verdict on forfeiture.

Defendant ANDREI S. BORGHERIU is charged with two counts of Wire Fraud, in violation of 18 U.S.C. § 1343. As a result of such violations, the United States is seeking forfeiture of any property which constitutes or is derived from proceeds traceable to the commission of the offenses including the following listed assets:

REAL PROPERTY

The real property known as 1710 Sunshine Avenue, West Richland, Washington, situated in Benton County, State of Washington, described as follows:

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 1710 Sunshine Avenue, West Richland, Washington, legally described as follows:

Section 12, Township 9, Range 27, Quarter NE, Plat Subdivision, MOUNTAIN VIEW ESTATES, PHASE TWO A, Lot 1, AF#2008-026455, 9/08/2008

Parcel #: 112971030000001

MONEY JUDGMENT

A sum of money equal to $499,900 in United States currency, representing the amount of proceeds obtained by Defendant, ANDREI STEPHANOVICH BORGHERIU, from the wire fraud violations.

all pursuant to the statutes identified below.

## I. Applicable Statutes

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) provide for forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of any offense constituting "specified unlawful activity" as that term is defined in 18 U.S.C. § 1956(c)(7)(A). In turn, Section 1961(1) defines the term "specified unlawful activity" to include "an offense under section 1343 (relating to wire fraud)." Accordingly, the charged conduct in Counts 1 and 2 constitutes a specified unlawful activity for which forfeiture is permitted under Section 981(a)(1)(C).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II. Forfeiture Proceeding

The plain language of the statute and rule contemplates that the Court make the ultimate determination on forfeiture; however, Rule 32.2, which sets forth the procedures governing criminal forfeiture, recognizes each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, before the jury begins deliberating, either the plaintiff or the defendant may request that the jury make such determination. Specifically, Fed. R. Crim. P. 32.2(b)(5)(A) requires that the Court ascertain if either party requests a jury:

> In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.[1]

If a jury verdict is requested by either party, it is the jury's function to decide whether the Government has proven the connection necessary for the Court to declare the property forfeited. It is the duty of the jury solely to determine whether the Government has established the requisite nexus between the property alleged to be subject to forfeiture and the offense for which the defendant was found guilty.

On the other hand, when it comes to determining the amount of proceeds the defendant acquired while committing the violations, the jury does not participate in determining the amount of a money judgment; the request for a money judgment is submitted to the Court and not the jury. *United States v. Gregoire,* 638 F.3d 962, 972 (8th Cir. 2011). According to Rule 32.2(e)(1)(B), after the entry of a Final Order of

---

[1] "Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled. This allows the court to plan, and also allows the court to tell potential jurors what to expect in terms of their service."  Fed. R. Crim. P. 32.2(b)(5)(A), *Advisory Committee Notes*, 2009 Amendments.

Forfeiture, the Government may move at any time to amend the Order to forfeit specific property of the defendant which is later identified as constituting proceeds for which the Government may seek to forfeit as substitute assets.

A. Jury's Determination

The jury must answer questions which will allow the Court to make the appropriate finding on forfeiture. In other words, the jury must make a factual determination as to the nexus between the property and the illegal activity, while the Court ultimately enters an order of forfeiture. *United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste*, 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).

Therefore, as to the real property subject to forfeiture, the jury must determine that the property has the requisite nexus, or connection to, the underlying crime in the way the forfeiture statute provides. In this case, the Government alleges that the real property in the forfeiture allegations constitutes the proceeds of the Defendant's wire fraud offenses. The jury must, therefore, make the factual determination of whether the real property constitutes proceeds of that offense.

In the forfeiture context, "proceeds" means property of any kind that the Defendant obtained or retained using the money or other source of wealth gained as a result of the commission of the offense(s) giving rise to forfeiture, and any property traceable thereto. "To put it another way, '[p]roceeds are property that a person would not have but for the criminal offense....'" *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009), citing *United States v. Grant*, No. S4 05 CR 1192, 2008 WL 4376365, at *2 n. 1 (S.D.N.Y. Sept. 25, 2008); *accord United States v. Evanson*, No. 2:05 CR 00805, 2008 WL 3107332, at *3 (D.Utah Aug. 4, 2008). The total amount of

proceeds obtained by the Defendant as the result of his violations is forfeitable. *See United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016) ("The language of the forfeiture statute broadly makes forfeitable any property, obtained by the defendant directly or indirectly, as a result of the commission of a mail fraud or wire fraud offense."). Further, proceeds from wire fraud violations include any property later purchased with those illegally obtained proceeds. *See United States v. Swanson,* 394 F.3d 520, 529 (7th Cir. 2005) ("a change in the form of proceeds obtained from the crime does not prevent forfeiture, provided that the proceeds were involved in the crime").

In order to make its factual determination as to whether the real property constitutes proceeds of the underlying wire fraud violations, the jury may hear additional testimony during the special forfeiture jury trial, or it may consider any evidence, including testimony, offered by the parties at any time during the trial in the case-in-chief. *See* Fed. R. Crim. P., Rule 32.2(b)(1) (court's determination may be based on evidence already in the record); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), cert. denied, 120 S.Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations.")

B. Burden of Proof

In a forfeiture jury trial, the Government must establish by a preponderance of the evidence the nexus between the property to be forfeited and the illegal activity. Criminal forfeiture is an *in personam* proceeding against the defendant personally and is part of the defendant's punishment. *United States v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139 (9th Cir. 2011) "Accordingly, to achieve criminal forfeiture, the government first must prove, beyond a reasonable doubt, that the defendant is guilty of the crime… The government then must prove, by a preponderance of the evidence, a nexus between the property and the crime." *Id.* at 1149. Accordingly, in this matter, it is for the jury to decide whether, based on the preponderance of the

evidence, whether the real property constitutes proceeds of the alleged wire fraud violations.

### C. Special Verdict Forms

The Government's proposed special verdict forms are in the form of interrogatories which will require the jury to determine the essential factual forfeiture issue and secure the information necessary for the Court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury is not advised of the ramifications of its decision – just as a jury is not advised of the ramifications of a verdict of guilt or innocence.

Thus, the portion of the Indictment entitled "Notice of Criminal Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided. The portion of the Indictment entitled "Notice of Criminal Forfeiture" is merely the required statutory notice to the defendant that the Government seeks to forfeit his property in accordance with the applicable statute(s). Fed. R. Crim. P. 32.2(a) (*Advisory Committee Notes*).

Hence, bifurcated proceedings are required. However, given the fact that all the evidence necessary for the jury to determine whether or not the property is forfeitable would have been introduced in the case in chief, there should be no need to put on additional testimony in the bifurcated proceedings.

### III. Conclusion

In conclusion, before the jury begins its deliberations, the Court must determine whether the defendant or the United States requests a jury determination of the forfeiture, pursuant to Rule 32.2(b)(5). The Government requests that the Court:

(1)    instruct the jury on the issue of forfeiture if the jury returns a guilty verdict(s) on Counts 1 and/or 2 of the Indictment;

(2)    provide the jury with a special verdict form as proposed by the Government;

(3)    allow jury instructions regarding property subject to forfeiture and burden of proof.

Proposed instructions and a special verdict form are attached.

Respectfully submitted this 3rd day of February 2025.

Vanessa R. Waldref
United States Attorney

*s/ Brian M. Donovan*
Brian M. Donovan
Frieda K. Zimmerman
Jeremy J. Kelley
Assistant United States Attorneys

1

Attachment A

2

UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS and
SPECIAL VERDICT FORMS FOR FORFEITURE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. _____

<u>FORFEITURE: GENERALLY</u>

Ladies and Gentlemen of the Jury, in view of your verdict that Defendant, ANDREI S. BORGHERIU, is guilty of the offenses charged in Counts 1 and/or 2 of the Indictment, you have one more task to perform before you are discharged. I now must ask you to render special verdicts concerning property the United States Government has alleged is subject to forfeiture to the United States.

The United States has alleged that certain property is subject to forfeiture in connection with each of the offense(s) for which the Defendant was convicted. These properties are set out in a Special Verdict Form which follows at the end of these instructions. As to each property, you must determine whether it was thus connected to a violation for which the defendant was convicted.

The following statutes provide for the forfeiture of property in this case. Those statutes are:

**18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – 18 U.S.C. § 1343 Wire Fraud**

These statutes provide for forfeiture as follows:

<u>18 U.S.C. § 981(a)(1)(C) Civil Forfeiture</u>

(a)(1) The following property is subject to forfeiture to the United States:

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of … any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

<u>28 U.S.C. § 2461(c) Mode of Recovery</u>

(c) If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the

forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

The charged conduct in Counts 1 and 2 concerning violations of 18 U.S.C. § 1343 are offenses constituting "specified unlawful activity" for the purposes of 18 U.S.C. § 981(a)(1)(C).

INSTRUCTION NO. _____

<u>FORFEITURE:  JURY'S TASK</u>

As to each item of property for which the Government seeks forfeiture, you must determine whether the Government has established the requisite nexus between the property and the offense or offenses committed by the Defendant.  In other words, you must find whether that property is connected to the underlying crime in the way the statute provides.

For example, if the statute provides for forfeiture of property which constitutes proceeds of a certain criminal offense, you must determine whether the property at issue constitutes proceeds of that offense.   Similarly, if the statute provides that certain property may be forfeited if it was used to facilitate the criminal offense, you must determine whether the property at issue was so used.

Fed. R. Crim. P. 32.2(b)(1) "as soon as practicable after a verdict or finding of guilty,… the court [or jury] must determine what property is subject to forfeiture under the applicable statute."

1

INSTRUCTION NO. _____

2

FORFEITURE:  BURDEN OF PROOF

3      As explained above, it is the Government's burden to establish the requisite nexus

4  between the property and the offense or offenses committed by the Defendant which

5  would make the property subject to forfeiture.  You should find that the Government

6  has met its burden if it has established the forfeitability of the property by a

7  "preponderance of the evidence."

8      This is different from the standard that applied to the guilt or innocence of the

9  Defendant.  At that stage of the case, the Government was required to meet its burden

10  beyond a reasonable doubt.  At this forfeiture stage, however, the Government need

11  only establish its proof by a "preponderance of the evidence."

12      "Preponderance of the evidence" means that the Government has to produce

13  evidence which, considered in light of all of the facts, leads you to believe that what the

14  Government claims is more likely true than not true.  To put it differently, if you were

15  to put the Government's evidence and the Defendant's evidence on opposite sides of a

16  balance scale, the Government's evidence would have to make the scale tip slightly on

17  its side of the balance.  If the Government's evidence fails to do this then the

18  Government has not met its burden of proof.  You should note that this burden of proof

19  is less than the beyond a reasonable doubt standard which each of you just used when

20  determining the Defendant's guilt.

21

22  *United States v. Liquidators of European Federal Credit Bank,* 630 F.3d 1139 (9th Cir. 2011)
23  *Libretti v. United States*, 116 S.Ct. 356, 363 (1995)
*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998)
24  *United States v. Keene*, 341 F.3d 78 (1st Cir. 2003)
*United States v. Gaskin*, 364 F.3d 438 (2d Cir. 2004)
25  *United States v. Voigt*, 89 F.3d 1050, 1084 (3d Cir. 1996)
*United States v. Najjar*, 300 F.3d 466 (4th Cir. 2002)
26  *United States v. Gasanova*, 332 F.3d 297 (5th Cir. 2003)
*United States v. Hall*, 2005 WL 1312832 (6th Cir.(Tenn.) May 06, 2005)
27  *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000)
28

*United States v. Messino*, 382 F.3d 704 (7th Cir. 2004)

*United States v. Vera*, 278 F.3d 672 (7th Cir. 2002)

*United States v. Myers*, 21 F.3d 826, 829 (8th Cir. 1994)

*United States v. Shryock*, 342 F.3d 948 (9th Cir. 2003)

*United States v. Rutgard,* 116 F.3d 1270, 1293 (9th Cir. 1997)

*United States v. Cabeza*, 258 F.3d 1256 (11th Cir. 2001)

INSTRUCTION NO. _____

<u>FORFEITURE: JURY'S CONSIDERATION</u>

You are instructed that your previous determination that the Defendant is guilty of the offenses with which he was charged in Counts 1 and/or 2, is binding on this part of the proceedings, and you must not discuss or determine anew whether he is guilty or not guilty on those charges.

You are further instructed that, other than the standard of proof, all of the instructions previously given to you concerning your consideration of the evidence, the credibility or believability of the witnesses, your duty to deliberate together and the necessity of a unanimous verdict, will all continue to apply during your deliberations concerning the forfeiture claims.

1

INSTRUCTION NO. _____

2

DISPOSITION OF FORFEITED PROPERTY/OWNERSHIP

3

4      You are instructed that what happens to any property that you find has a

5   connection to the wire fraud offenses is exclusively a matter for the Court to decide.

6   Your only concern is to determine whether the property has one or more of the required

7   connections to the defendant's offenses.

8      You may have noted that certain properties may be held in the name of a person

9   or entity other than or in addition to that of the Defendant. You may have also noted

10   evidence suggesting a person or persons other than the defendant may have or claim an

11   interest in some part of a property sought to be forfeited. I charge you that in reaching

12   your decision as to each item of property you should simply disregard any such title or

13   claim of ownership of such property.  Instead, you should focus only on deciding, as I

14   have previously charged, whether the property was connected to an offense or offenses

15   in a way or ways that make it forfeitable. Any interest that another person may have or

16   claim to have in such property will be taken into account later by this Court in a separate

17   proceeding and is not for your consideration as jurors.

18

19

20   *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly
    instructed jury that questions of ownership "were not before them"; therefore, jury's

21   return of special verdict of forfeiture says nothing about the ownership of the
    property); *United States v. Wittig*, 2006 WL 13158, *3 (D. Kan. 2006) (court instructs

22   jury that it is not to concern itself with anyone's ownership interest in the property, "as

23   the jury's responsibility is solely to determine whether the Government has adequately
    proven the nexus between the offenses and the property"); *United States v. Brown*,

24   2007 WL 470445, *5 (M.D. Fla. 2007) (setting out text of instruction telling the jury

25   not to concern itself with the interest of any third party in the property; because the
    jury is unaware of the ancillary proceeding, it may be hesitant to forfeit property held

26   in a third party's name without such an instruction). *See also* Rule 32.2(b)(2)(A)
    (providing that ownership issues are deferred to the ancillary proceeding).

27

28

INSTRUCTION NO. _____

DEFINITION: PROCEEDS

"Proceeds" means property of any kind that the Defendant obtained or retained using the money or other source of wealth gained as a result of the commission of the offense(s) giving rise to forfeiture, and any property traceable thereto. Proceeds from wire fraud violations therefore include any property later purchased with proceeds. The total amount of proceeds obtained by the Defendant as the result of his violations is forfeitable.

*United States v. Wittig*, 2006 WL 13158, at *2 (D. Kan. 2006) (court instructs jury that property "derived from" the proceeds of an offense means money or other property obtained using the money or other source of wealth gained as a result of the offense.)

INSTRUCTION NO. _____

<u>FORFEITURE:  EVIDENCE TO BE CONSIDERED</u>

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during the trial.

*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations.")

*United States v. Sandini*, 816 F.2d 869, 873-74 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant)

Fed. R. Crim. P., Rule 32.2(b)(1) (court's determination may be based on evidence already in the record).

INSTRUCTION NO. _____

FORFEITURE:   MULTIPLE BASES FOR FORFEITURE

Personal property or real property which are determined to be forfeitable may be subject to forfeiture on multiple grounds. You need not be concerned with "overlapping" of monetary amounts or properties. The Court will conduct additional proceedings later, if necessary, to account for possible overlapping. You need concern yourself only with whether the property as set out in the special verdict forms below was connected with one or more violation of federal laws as stated in the Indictment and these instructions. It is important, however, that you indicate on the special verdict form all bases on which you find any given property subject to forfeiture.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. _____

INSTRUCTIONS FOR SPECIAL VERDICT FORMS
FOR FORFEITURE:

It is your duty to determine what property, if any, is connected to the Defendant's offenses in one or more ways that make the property forfeitable as the result of Defendant's convictions. As before, while deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

A Special Verdict Form for Forfeiture has been prepared for your use. With respect to each item of property you are asked to determine whether the specified property was connected in one or more specified ways to an offense or offenses in a numbered count or counts for which the Defendant was found guilty.

You may answer by simply putting an "X" or check mark in the space provided next to the words "Yes" or "No" in the space provided. You will take this Special Verdict Form for Forfeiture to the jury room and when you have reached unanimous agreement as to each item of property, you will have the presiding juror fill in the form and notify the Court Bailiff. The presiding juror must then sign and date the Special Verdict Form for Forfeiture.

1
2
3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4

UNITED STATES OF AMERICA,

4:22-CR-6040-SAB

5

Plaintiff,

6

vs.

United States Proposed Special
Verdict Form

7
8

ANDREI S. BORGHERIU,

9

Defendant.

10      We, the Jury, return the following Special Verdicts as to the real property

11 described below:

12      REAL PROPERTY

13      The real property known as 1710 Sunshine Avenue, West Richland,
14      Washington, situated in Benton County, State of Washington, described
        as follows:
15

16      All that lot or parcel of land, together with its buildings, appurtenances,
17      improvements, fixtures, attachments and easements, known as 1710
        Sunshine Avenue, West Richland, Washington, legally described as
18      follows:

19      Section 12, Township 9, Range 27, Quarter NE, Plat Subdivision,
20      MOUNTAIN VIEW ESTATES, PHASE TWO A, Lot 1, AF#2008-
        026455, 9/08/2008
21

22      Parcel #: 112971030000001

23

24      1.      We, the jury, unanimously find by a preponderance of the evidence, that
                the real property listed above constitutes or was derived from proceeds
25              traceable to proceeds the Defendant obtained from the Wire Fraud
                violation as charged in Count 1.
26

27              Yes _____              No _____

28

2. We, the jury, unanimously find by a preponderance of the evidence, that the real property listed above constitutes or was derived from proceeds traceable to proceeds the Defendant obtained from the Wire Fraud violation as charged in Count 2.

Yes  _____                    No  _____

DATED this ____ day of February 2025.


_____
PRESIDING JUROR

1

## CERTIFICATE OF SERVICE

2

3       I hereby certify that on February 3, 2025, I electronically filed the foregoing with

4   the Clerk of the Court using the CM/ECF system which will send notification of such

5   filing to Defendant's counsel of record.

6

7

8                                    *s/ Brian M. Donovan*
                                     Brian M. Donovan
9                                    Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28