

Justin P. Lonergan
Nick Mirr
601 West Riverside Ave, Suite 900
Spokane, Washington 99201
509.624.7606
Attorneys for Andrei S. Borgheriu

# United States District Court
### Honorable Stanley A. Bastian

| | |
|---|---|
| United States, | No. 4:22-cr-06040-SAB |
| Plaintiff, | Defendant's Request for Supplemental Jury Instructions |
| v. | |
| Andrei S. Borgheriu, | |
| Defendant. | |

## I. Summary

Mr. Borgheriu submits the following proposed jury instructions regarding the elements of the charges. The instructions entirely replace the defense's original proposed instruction "D3" and the government's proposed Jury Instruction No. 6. *See* ECF No. 75, *Joint Proposed Jury Instructions*. The proposed instructions are necessary primarily due to changes in the law since the parties originally submitted instructions. Further, Jury Instruction D5 must replace the government's proposed false claim instruction to ensure the jury does not receive conflicting or incomplete instructions on Count 3, which shares elements in common with Counts 1 and 2 (such as materiality).

**Jury Instruction No. D4 (replaces D3 entirely on ECF No. 75)**

<u>Wire Fraud, 18 U.S.C. §1343</u>

(Counts 1 and 2)

The defendant is charged in Counts 1 and 2 of the indictment with wire fraud, in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of Count 1, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning no later than on or about June 29, 2021, and continuing through the present, the defendant knowingly devised a scheme to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. ***(Note: this proposed instruction adds the indictment language and omits the government's proposed jury instruction language regarding "deceitful statements," as the indictment alleges only representations)***

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property. ***(All language after the semicolon in the government's proposed instruction must be removed in light of U.S. v. Milheiser, 98 F.4th 935 (9th Cir. 2024). Replacement text proposed below).***

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and *(No change from this paragraph of the government's proposed instruction)*

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme. *(No change from this paragraph of the government's proposed instruction)*

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole. *(No change from this paragraph of the government's proposed instruction)*

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use. *(No change from this paragraph of the government's proposed instruction)*

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme. *(No change from this paragraph of the government's proposed instruction)*

One who acts on an honest and good faith misunderstanding as to the requirements of the law does not act with an intent to defraud simply because his understanding of the law is wrong or even irrational. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. *(The government's proposed instruction omits this paragraph entirely)*[1]

To be guilty of wire fraud, the United States must prove that the scheme to defraud existed at the time of a defendant's statements or representations. A defendant does not commit the crime of wire fraud if the defendant's statements are true at the time they are made, even if a defendant later develops an intent to cheat, steal, or misappropriate property or money. *(Added in its entirety)*

A scheme or plan for obtaining money by means of false statements requires an intentional misrepresentation for the purpose of obtaining money to which one is not entitled.

---

[1] Alternatively, Mr. Borgheriu requests the Court instruct as follows: "You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud. However, a defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime." *See* M.J.I. 4.13, *Intent to Defraud*, Comment.

A misrepresentation amounting only to deceit is insufficient even if it causes another person to enter into a transaction that they would otherwise avoid.

Rather, the misrepresentation must be coupled with a contemplated harm to the person that affects the very nature of the bargain itself, such as a discrepancy between the benefits reasonably anticipated because of the misrepresentation and the actual benefit which was delivered.

The misrepresentation must be capable of affecting the person's understanding of the bargain and influencing their assessment of the value of the bargain. When one party receives what they bargained for, there is no fraud even if the party entered the agreement because of a misrepresentation.  **(The preceding four paragraphs are required to properly instruct on the materiality standard explained in *Milheiser*, 98 F.4th at 943).**

Authority:  Model Crim. Jury Instrs. 9th Cir. 4.13 and 15.35, including Comments (2023) (modified); *see also U.S. v. Zhen Zhou Wu*, 711 F.3d 1, 18 (1st Cir. 2013) ("In the criminal law, both a culpable mens rea and a criminal actus reus are generally required for an offense to occur"); *Milheiser*, 98 F.4th at 943.

**Jury Instruction No. D5 (replaces government's #6)**

<u>Submitting a False, Fictitious, or Fraudulent Claim (18 U.S.C. §287)</u>

(Count 3)

The Defendant is charged in Count 3 of the Indictment with submitting False, Fictious, or Fraudulent Claims in violation of Section 287 of Title 18 of the United States Code. In order for the Defendant to be found guilty of the crime of False Fictitious, or Fraudulent Claims, the United States must prove the following beyond a reasonable doubt:

First, the defendant made or presented a claim against the United States Small Business Administration;

Second, the claim was fraudulent;

Third, the fraudulent matter was material; that is, it had a natural tendency to influence, or was capable of influencing, the United States Small Business Administration to part with money;

Fourth, the defendant knew the claim was fraudulent at the time he made or presented the claim; and

Fifth, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat.

The defendant need not directly submit or present the claim to an employee or

agency of the United States. It is sufficient if the defendant submits the claim to a third party knowing that the third party will submit the claim or seek reimbursement from the United States or a department or agency thereof.

One who acts on an honest and good faith misunderstanding as to eligibility for a claim does not act with an intent to defraud simply because his understanding of the law or claim program is wrong or even irrational. ***(Added to properly instruct in good faith and to ensure proper instruction across all three counts)*[2]**

To be guilty of making a false claim, the United States must prove that the intent to deceive and cheat existed at the time of a defendant's making or presenting of a claim. A defendant does not commit the crime of false claim if the defendant's claim is true at the time it is made, even if a defendant later develops an intent to cheat, steal, or misappropriate property or money. ***(Added to properly instruct in good faith and to ensure proper instruction across all three counts)***

A misrepresentation amounting only to deceit is insufficient even if it causes the

---

[2] Alternatively, Mr. Borgheriu requests the Court instruct as follows: "You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud. However, a defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime." *See* M.J.I. 4.13, *Intent to Defraud*, Comment.

government to pay a claim that it would not have otherwise approved.

Rather, the misrepresentation must be coupled with a contemplated harm to the person that affects the very nature of the bargain itself, such as a discrepancy between the benefits reasonably anticipated because of the misrepresentation and the actual benefit which was delivered.

The misrepresentation must be capable of affecting the government's understanding of the claim and influencing its assessment of the value of the claim. When the government receives what it bargained for, there is no fraud even if the government approved the claim because of a misrepresentation.  **(The preceding three paragraphs are required to properly instruct on the materiality standard explained in *Milheiser*, 98 F.4th at 943).**

Authority:  *U.S. v. Zhen Zhou Wu*, 711 F.3d 1, 18 (1st Cir. 2013) ("In the criminal law, both a culpable mens rea and a criminal actus reus are generally required for an offense to occur"); *Milheiser*, 98 F.4th at 943.

## II. Reservation

Mr. Borgheriu respectfully reserves the right to supplement these jury instructions either prior to trial or in accordance with the course of the trial.

Dated: February 3, 2025.

    Federal Defenders of Eastern Washington & Idaho
    Attorneys for Andrei S. Borgheriu

    s/Justin P. Lonergan
    Justin P. Lonergan, ISB No. 11161
    Nick Mirr, Iowa State Bar Ass'n. AT0014467
    601 West Riverside Ave, Suite 900
    Spokane, Washington 99201
    t: (509) 624-7606
    f: (509) 747-3539
    Justin_Lonergan@fd.org

## Service Certificate

I certify that on February 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys Frieda Zimmerman and Jeremy Kelley.

    s/Justin P. Lonergan
    Justin P. Lonergan, ISB No. 11161
    601 West Riverside Ave, Suite 900
    Spokane, Washington 99201
    t: (509) 624-7606
    f: (509) 747-3539
    Justin_Lonergan@fd.org