

Justin P. Lonergan
Nick Mirr
Trial Attorneys
601 West Riverside Ave, Suite 900
Spokane, Washington 99201
509.624.7606
Attorneys for Andrei S. Borgheriu

# United States District Court
## Honorable Stanley A. Bastian

| | |
|---|---|
| United States, | No. 4:22-cr-06040-SAB |
| Plaintiff, | Objection – Credit Report |
| v. | |
| Andrei S. Borgheriu, | |
| Defendant. | |

## I. Summary

Mr. Borgheriu objects to the United States' proposed evidence of an unauthenticated, hearsay credit report. *See* ECF No. 130, *United States' Exhibit List*, Exh. 5, Bates No. 90000003-3.03.[1] Although the credit *score* is admissible for its effect on the listener (i.e., accurate or not, it drove the Small Business Administration's decision on how much to lend Mr. Borgheriu), the remainder of the report is quintessential inadmissible hearsay. The mere fact SBA kept a copy of the report does not make it admissible. Lastly, the report is misleading, confusing, and unduly prejudicial given the ambiguous excerpts relied upon by the United States.

## II. Hearsay and Foundation Objections

The credit report contains multiple out of court statements offered for the truth of the matter asserted, including a section titled credit inquiries:

**Inquiries**

| Inquiry Date | Kind of Business | Subscriber Name |
|---|---|---|
| 9/4/2019 | Mortgage Reporters | AMERICAN REPORTING COM |
| 2/24/2021 | Mortgage Reporters | EQUIFAX MORTGAGE SERVI |
| 6/24/2021 | Bank Credit Cards | BK OF AMER |
| 7/10/2019 | Bank Credit Cards | BK OF AMER |
| 9/13/2019 | Mortgage Reporters | EQUIFAX MORTGAGE SERVI |
| 8/5/2019 | All Banks – Non-Specific | TRANSPORTATION ALLIANC |

*See* Exhibit 5-003, ECF No. 130.

The government seeks to admit these out of court declarations regarding "inquiries" *for their truth*, i.e., to suggest Mr. Borgheriu in fact made a mortgage

---

[1] Counsel has redacted certain details from the exhibit that do not pertain to the motion.

Objection – Credit Report
– 1 –

1  inquiry in 2021 and that such an inquiry supports a finding of circumstantial intent.[2]

2  This is classic inadmissible hearsay.  *See Cruz v. MRC Receivables Corp.,* 563 F. Supp.

3  2d 1092, 1095 (N.D. Cal. 2008) (excluding excerpt of Experian credit report without

4  foundation to support any exception to the hearsay rule); *contrast Carpenter v. Liberty*

5  *Ins. Corp.*, 2023 WL 6389041, *2 (6th Cir. 2023) (Admitting credit report in *coverage*

6  *dispute* because "Liberty doesn't offer the credit reports to prove the truth of their

7  contents—i.e., to show the Carpenters were actually financially distressed.  Rather,

8  Liberty offers the reports only to show it could reasonably conclude that they were").

9      F.R.E. 803(6)(D) is clear that the foundation for a business record must be

10 "shown by the testimony of the custodian or another qualified witness[.]"  The SBA is

11 neither of those.  Aside from not being the credit agency's custodian of records, the

12 SBA has no personal knowledge regarding the inquiry or the circumstances

13 surrounding it (including accuracy).  *See Baker v. Capital One*, 2006 WL 173668 (D. Az.

14 2006) (Excluding credit report for multiple reasons, including, "[a]s a mere consumer,

15 Baker cannot testify to the truth of [F.R.E. 803(6)'s] necessary foundational facts");

16 *see also Capital Funding, VI, LLP v. Chase Manhattan Bank USA*, 2005 WL 352697, *2

17 (E.D. Pa. 2005) (Excluding credit report on grounds that "Plaintiff has not provided

18 sufficient evidence that [its corporate owner] has personal knowledge of the record

19

---

[2] *See* ECF No. 74, at 5, *United States Trial Brief; see also* ECF No. 126, pg. 14.

Objection – Credit Report
- 2 -

keeping practice of TransUnion LLC, a company he is neither employed by nor affiliated with, other than as a customer").

The government makes an overbroad argument that the intermingling of the credit report with other SBA records is enough. *See* ECF No. 126, pg. 14-15. It is not enough, however, to merely put an SBA picture frame around a hearsay document. No witness will say that Mr. Borgheriu's inquiry history impacted the lending decision. [3] Miscellaneous details about unspecified inquiries had no role in whether and how much to lend, and thus the report cannot be considered an adoptive record.[4] *Contrast U.S. v. Childs*, 5 F.3d 1328, 1334 (9th Cir. 1993) ("the auto dealerships relied on the documents' *identification of individual cars* in keeping track of their cars") (emph. added).

Importantly, even under adoptive business records rules, the proponent must still show the information is accurate with respect to the proposition for which it is offered. *See id*. This is yet another failure point for the credit report. The jury is not

---

[3] Indeed, defense counsel expects to hear testimony to the contrary. Defense counsel anticipates Mr. Brown will testify that the SBA determined the amount of the EIDL based on gross revenue, minus the cost of goods sold, multiplied by two. The *credit score* merely capped a borrower from receiving more than $500,000.00.

[4] The report is also not admissible under F.R.E. 801(d)(2) (outlining circumstances under which opponent's adoptions no longer qualify as hearsay). Mr. Borgheriu did not provide this document or otherwise adopt it.

equipped to interpret summary notations on a credit report without guiding explanation from a qualified witness. The jury has no basis, for example, to understand whether the notation about a mortgage inquiry was a hard or soft inquiry, i.e., did Mr. Borgheriu in fact apply or was it just a random mortgage company running a solicitation inquiry? Ironically, even the SBA's own website undermines the prosecution's claim that it can parse out a specific inference from the credit report. *See* SBA Blog, *Credit inquiries: what you should know about hard and soft pulls*, November 2018 ("A soft inquiry happens when someone other than you, such as a lender or credit card issuer, checks your credit for promotional purposes. These are credit checks that you don't ask for so they don't have an impact to your credit scores"). Lacking actual foundation regarding the credit report, the government's efforts to introduce it fail.[5] *See also* F.R.E. 403; *U.S. v. Espinoza-Baza,* 647 F.3d 1182, 1189 (9th Cir. 2011) (even "a small risk of misleading the jury" substantially outweighs the probative value of minimally probative evidence"); *see also U.S. v. Hitt, 981 F.2d 422,* 424 (9th Cir. 1992) ([w]here the evidence is of very slight (if any) probative value, ... even a modest likelihood of unfair prejudice or a small risk of misleading the jury" will justify excluding that evidence).

---

[5] Importantly, the United States obtained a search warrant for "all records pertaining to mortgage inquiries between September 1, 2019, and February 28, 2021, for Andrei Borgheriu." *See* Exhibit 2. *Equifax Mortgage Services provided no evidence of inquiries.*

### III. Conclusion

The Court must deny admission of the 2021 credit report absent the United States providing proper foundation, authentication, and relevance.

Dated: February 4, 2025

>Federal Defenders of E. Washington & Idaho
>Attorney for Andrei Borgheriu
>s/Justin Lonergan
>Justin P. Lonergan ISB No. 11161
>601 West Riverside Ave., Suite 900
>Spokane, Washington 99201
>t: (509) 624-7606
>Justin_ Lonergan@fd.org

**Service Certificate**

I certify that on February 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys Frieda K. Zimmerman and Jeremy Kelley.

>s/Justin Lonergan
>Justin P. Lonergan ISB No. 11161
>601 West Riverside Ave., Suite 900
>Spokane, Washington 99201
>t: (509) 624-7606
>Justin_Lonergan@fd.org