

Nick Mirr
Federal Defenders of Eastern Washington and Idaho
306 E. Chestnut Ave.
Yakima, Washington 98901
509.248.8920
Attorney for Andrei Stephanovich Borgheriu

# United States District Court
## Eastern District of Washington
### Honorable Stanley A. Bastian

| | |
|---|---|
| United States,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Andrei Stephanovich Borgheriu,<br><br>　　　　　Defendant. | No. 4:22-CR-6040-SAB<br><br>Response to Government's Trial Brief re: EIDL Repayment<br><br>February 10, 2025 – 9:30 a.m.<br>Richland, WA —With Argument |

## I.  Introduction

The government is mistaken that evidence related to Mr. Borgheriu's repayment of the EIDL is irrelevant. Mr. Borgheriu's repayment of the loan is relevant and admissible not as a defense to wire fraud, but instead as circumstantial evidence of intent. A limiting instruction will ensure that there is no misunderstanding about the proper consideration of evidence of repayment.

## II.  Argument

As an initial matter, defense does not dispute that intent to repay a sum of money is not a defense to wire fraud.[1] Defense counsel does not intend to make any argument that his intent to repay or actual repayment is a defense. That is not the basis for admitting this information as evidence. However, that repayment is not a defense does not necessitate a finding that evidence of Mr. Borgheriu's *actual* repayment or his intent to do so is irrelevant as the government argues. This issue is very similar to the victim negligence-materiality distinction that has previously been addressed in this case.[2] Indeed, relevant evidence is generally admissible, and the Rules hold that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable

---

[1] *See U.S. v. Miller*, 953 U.S. 1095, 1103 (9th Cir. 2020).

[2] *See* ECF No. 64. The Court rule it would "not prohibit Defendant from offering evidence on the SBA's lending practices to dispute materiality so long as Defendant offers it for that purpose—to show that the relevant industry did not consider statements like Defendant's to be material—and does not offer it to prove or argue a victim-negligence defense." *Id*. at 11.

Response
– 1 –

than it would be without the evidence; and (b) the fact is of consequence in determining the action."[3]

Here, evidence of Mr. Borgheriu's intent to repay at the time he made the loan and his actual repayment make it less probable that he had formed the specific intent to defraud the government, going directly to the heart of the issue at trial. If Mr. Borgheriu did not have the specific intent to defraud the government at the time he entered the agreement, he is not guilty of the offenses charged. Evidence of intent to repay and actual repayment speaks to whether that specific intent was formed. Indeed, this is bolstered by the SBA's own perspective on repayment of EIDLs.

The SBA's senior leadership has taken the position that "[c]ommon-sense dictates that a bad actor would not fraudulently obtain a loan, only to repay it with interest."[4] To permit the government to argue at trial that repayment is irrelevant would allow the government to advance a theory that is at odds with the SBA's own admissions as to EIDL fraud.

Further, evidence relating to Mr. Borgheriu's intent to repay the loan at the time he applied is relevant as it goes to his state of mind and his good faith understanding of the contract terms *at the time he applied for the loan*. Again, the government must prove

---

[3] Fed. R. Evid. 401; *see also* Fed R. Evid. 402.
[4] Letter from Bailey DeVries, Acting "Associate Administrator for the SBA Office of Capital Access, to Hannibal "Mike" Ware, Inspector General (June 21, 2023) (attached as Exhibit 1).

that *at the time of the application* Mr. Borgheriu had developed a scheme to defraud the SBA—i.e., use the loan funds for an "improper" purpose.[5] Because evidence relating to his subjective understanding of loan terms, including the obligation and his intent to repay the loan, is relevant to his state of mind at the time of the application, this evidence must not be excluded.

Because defense counsel recognizes there is some room for confusion of the jury, counsel suggests the Court provide a limiting instruction about any repayment evidence that is presented to the jury. Specifically, the Court could instruct as follows:

> You are about to hear evidence that Mr. Borgheriu has been making his repayments of the EIDL. I instruct you that this evidence is admitted only for the limited purpose of demonstrating Mr. Borgheriu's subjective understanding of the terms of the EIDL and his good faith interpretation of its terms and the obligations they imposed on him and therefore, you must consider it only for that limited purpose and not for any other purpose.
>
> I specifically instruct you that repayment of the loan is not a defense to wire fraud. That is, just because Mr. Borgheriu has made payments towards the loan, it does not mean he necessarily lacked the specific intent to defraud the SBA. That determination of whether Mr. Borgheriu had an intent to defraud is for you to make based on the totality of the evidence presented at trial.[6]

---

[5] *See* ECF No. 126 (Gov't Amended Trial Brief) at 2 (arguing "[t]he evidence will show that at the time he applied for the loan, the Defendant intended to use the funds to purchase" the home.").
[6] *See* 9th Cir. Model Jury Instruction 2.12, *and U.S. v. Miller*, 953 U.S. 1095, 1103 (9th Cir. 2020).

1    This instruction addresses the concerns raise by the government in its amended
2    trial brief. It leaves no room for question by the jury—repayment is not a defense.
3    However, it also would avoid prohibiting the defense from seeking admission of
4    relevant evidence that speaks to Mr. Borgheriu's understanding of the EIDL terms and
5    his state of mind at the time of entry of the loan that is therefore directly on point as to
6    whether he had formed the requisite specific intent to commit wire fraud.
7    As a final note, the cases cited by the government in support of exclusion do not
8    require the exclusion of all evidence related to repayment.
9    In *Miller*, the Ninth Circuit was concerned with whether the proposed jury
10   instructions for wire fraud were sufficient.[7] Miller argued that because he intended to
11   repay the money, he lacked the intent to "deceive *and* cheat."[8] The trial court gave the
12   instructions the government requested over Miller's objection and instructed the jury
13   that an individual could be guilty of wire fraud if they "acted with the intent to 'deceive
14   *or* cheat.'"[9] The *Miller* court went on to explain that the trial court's instructions
15   misstated the law. Miller was in fact correct and that in order to be guilty of wire fraud
16   "a defendant must intend to deceive *and* cheat."[10] However, the Ninth Circuit ruled
17   that this was harmless error because Miller's defense—that he intended to repay the

---

[7] *Miller*, 935 F.3d at 1101.
[8] *Id.* (emphasis in original).
[9] *Id.* (emphasis in original).
[10] *Id.* (emphasis in original).

money—was not a valid defense, regardless of the misstatement of the law.[11] Instrumental to the holding there, then, was Millers proffered defense of intent to repay. There was no consideration as to whether intent to repay was admissible for alternative purposes.

In *Sarfo*, the order did not engage in any real analysis of the issue. It conclusory stated the holding in *Miller* that repayment is not a defense and summarily prohibited the defense from offering evidence of repayment.[12] There was no consideration of a limiting instruction and nothing beyond conclusory statements.[13] This Court should decline to merely adopt this conclusory reasoning. Instead, because defense intends to seek admission for a proper purpose (and not an unavailable justification defense), and because a limiting instruction will prevent juror misunderstanding, the government's request should be denied.

### III.  Conclusion

The Court routinely handles dual-purpose evidence. For example, the government often relies on the proper purpose-propensity instruction in F.R.E. 404(b) cases. The Court has similarly been asked to instruct on the proper distinction between materiality and victim negligence in this very case.[14] Because evidence surrounding

---

[11] *Id*.at 1102-03.
[12] *See U.S. v. Sarfo*, 2024 WL 4169277 at *1 (D. Nev. Sept. 12, 2024).
[13] *See id*.
[14] *See* ECF No. 64.

Response
– 5 –

Mr. Borgheriu's intent to repay the loan and his actual repayment of the EIDL is relevant to *mens rea*, the Court should not prohibit the evidence, but instead simply give the jury proper instructions.

Dated: February 4, 2025.

           Federal Defenders of Eastern Washington & Idaho
           Attorneys for Andrei Stephanovich Borgheriu

           s/ Nick Mirr
           Nick Mirr, AT0014467
           Iowa State Bar Ass'n
           306 E. Chestnut Ave.
           Yakima, Washington 98901
           t: (509) 248-8920
           nick_mirr@fd.org

## Service Certificate

I certify that on February 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Jeremy J. Kelley and Frieda K. Zimmerman.

           s/ Nick Mirr
           Nick Mirr, AT0014467
           Iowa State Bar Ass'n
           306 E. Chestnut Ave.
           Yakima, Washington 98901
           t: (509) 248-8920
           nick_mirr@fd.org