FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 14, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>ANDREI STEPHANOVICH BORGHERIU,<br><br>            Defendant. | No. 4:22-CR-06040-SAB-1<br><br>**ORDER RE: MOTIONS IN LIMINE** |

A final pretrial conference was held on February 10, 2025, in Richland, Washington. Defendant was present out of custody and was represented by Nick Mirr and Justin Longergan. The United States was represented by Frieda Zimmerman and Jeremy Kelley. Pending before the Court were Defendant's Motion to Dismiss Case and Motion for Miscellaneous Relief, ECF No. 114; Defendant's Motion In Limine – Government Argument re: Interest Rates, ECF No. 115; and Defendant's Motion in Limine to Conform the Government's Case to Prior Order, ECF No. 116.

Defendant is charged with two counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of submitting a False, Fraudulent or Fictitious, or Fraudulent claim, in violation of 18 U.S.C. § 287. ECF No. 1.

//

//

**ORDER RE: MOTIONS IN LIMINE** ~ 1

### 1. Defendant's Motion to Dismiss Case and Motion for Miscellaneous Relief

Defendant asked the Court to dismiss Counts One and Two—the wire fraud counts—because the United States' theory that Defendant did not use the money as the United States wanted is not a traditional property interest that is covered by the wire fraud statute.

At the final pretrial hearing, the Court orally denied the motion, finding the Indictment adequately alleged that Defendant used a fraudulent scheme to obtain money, which is a property interest, and that money was then used for an inappropriate purpose. The Indictment alleges that Defendant promised to use the money from the loan for working capital, but instead he used that money to purchase a private residence. Because the alleged false promise went to the nature of the bargain, the Indictment adequately alleged wire fraud. *See United States v. Milheiser*, 98 F.4th 935, 944 (9th Cir. 2024).

### 2. Defendant's Motion in Limine – Government Argument re: Interest Rates

Defendant asked the Court to prohibit the United States from talking about "low interest rates" or by referring to the EIDL programs as a low interest loan program, given that the Court prohibited Janet McHard from testifying regarding interest rates.

Previously, the Court ruled that Ms. McHard would not be allowed to testify that the EIDL may have been more expensive for Defendant than other types of financing available to purchase the property because it was not relevant or helpful to the jury in determining whether Defendant committed fraud. Additionally, the Court found that Ms. McHard was not qualified to provide the proffered opinion.

At the final pretrial hearing, the Court orally denied the motion, allowing the United States to present an accurate factual representation of the EIDL program as a low-interest loan program.

**ORDER RE: MOTIONS IN LIMINE** ~ 2

### 3. Defendant's Motion in Limine to Conform the Government's Case to Prior Orders

Defendant asked the Court to prohibit the United States from offering testimony about aspects of the EIDL program that were not, or could not have been known to the borrower, including any post-hoc explanation of working capital or loan terms not otherwise contained in any official SBA document made known to Defendant, as well as any explanatory or conclusory testimony about permissible or prohibited uses of EIDL funds that did not have an explicit foundation in any loan document made known to Defendant. As Defendant saw it, because the Court limited or prohibited his expert, it should also limit the United States' expert.

At the final pretrial hearing, the Court orally denied the motion. It considered the motion an attempt to revisit the issue of Ms. McHard's testimony that was previously decided by the Court. The Court understood the United States' evidence that it intended to present regarding the loan program to be factual and not based on speculation. Defendant could challenge the evidence on cross-examination.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Case and Motion for Miscellaneous Relief, ECF No. 114, is **DENIED**.

2. Defendant's Motion in Limine – Government Argument re: Interest Rates, ECF No. 115, is **DENIED**.

//
//
//
//
//
//
//

**ORDER RE: MOTIONS IN LIMINE** ~ 3

3.    Defendant's Motion in Limine to Conform the Government's Case to Prior Orders, ECF No. 116, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 14th day of February 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTIONS IN LIMINE** ~ 4